Overseers of the Poor of Bethlehem v. Overseers of Alexandria.

---

OVERSEERS OF THE POOR OF THE TOWNSHIP OF BETH-LEHEM v. OVERSEERS OF ALEXANDRIA.

A *certiorari* to a Court of Quarter Sessions in a pauper case, may be allowed by a Justice of the Supreme Court in vacation, without a recognizance.

On *certiorari* to the Court of Quarter Sessions of Hunterdon.

Argued before Justices VAN DYKE, ELMER, and BEDLE.

*A. G. Richey* moved to dismiss the *certorari* in this case on the ground, that it was improvidently allowed by a single justice in vacation and not in open court, and without a recognizance. *G. A. Allen,* for the township of Alexandria, opposed the motion.

The opinion of the court was delivered by

ELMER, J. We think this case comes within the rule adopted in the case of *Ludlow* v. *Executors of Ludlow,* 1 *South.* 387, as one in which the writ was properly allowed by a judge in

vacation. It is a case where the *certiorari* is in the nature of a writ of error, to 'determine the pecuniary liability of the two townships between which the litigation is, to support a poor person, and not one in which the people at large are con-cerned.

It was held in the case of *Martin* v. *Hillyer*, 6 *Halst.* 22, that no recognizance is required in the case of a *certiorari* to remove a judgment in forcible entry and detainer, on the ground that such a judgment is not within the purview of the fourth section of the act to regulate writs of *certiorari*, *Nix. Dig.* 93,* that act applying only to public wrongs and not to those of a private nature. This case is not one in which the name of the state can be used, but is rather in the nature of a private controversy. By the provisions of the act for the settlement and relief of the poor, *Nix. Dig.* 644,† appeals are allowed to the Court of Quarter Sessions without any security, and the case is evidently one in which security to prosecute the writ and pay the costs is not of importance, as between the inhabitants of litigant townships, who may be assumed to be of sufficient ability, to ensure the performance of the final order of the court.

The motion to dismiss is denied.